# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| James Deangelo-William Rushing, | ) | Case No. 1:24-cr-046 |
| | ) | |
| Defendant. | ) | |

Defendant made his initial appearance in this action on March 20, 2024. (Doc. No. 15). On motion by the United States, the court remanded him into Marshals Service custody pending a detention hearing. (Doc. No. 18). However, the court subsequently cancelled this hearing and ordered Defendant detained pending trial when, on March 25, 2024, he filed a waiver of his right to a detention hearing. (Doc. Nos 30 and 31).

On August 2, 2024, Defendant filed a motion requesting to be released to the Prairie Recovery Center ("Prairie Recovery") in Raleigh, North Dakota, for treatment. (Doc. No. 85). That same the day the United States filed a response to Defendant's motion, asserting that Defendant was not an appropriate candidate for release given his prior history and the nature of his charged offenses. (Doc. No. 86). Finding that the placement of Defendant at Prairie Recovery would neither assure the community's safety or Defendant's future appearance, the court issued an order denying his motion on August 5, 2024. (Doc. No. 87).

On August 15, 2024, Defendant filed a motion in which he again requests to be released to Prairie Recovery. (Doc. No. 91). First, he asserts that the availability of a placement at Prairie Recovery is sufficient to rebut the presumption of detention. Second, he asserts that placing too

much emphasis on the weight of the evidence is akin to applying a presumption of guilt.  States v. Gray, 651 F. Supp. 432, 436 (W.D. Ark. 1987).  Third, he asserts there are conditions the court can impose that will reasonably assure the safety of the community and his presence at future proceedings.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The availability of a placement  at Prairie Recovery is new information insofar as it was not available at the time Defendant made his initial appearance or when he was arraigned.  This information is arguably sufficient to rebut the presumption of detention.  On further reflection, given that Defendant's age and the fact that he has now endured an extend period of forced sobriety, the court is inclined to reconsider its previous order and afford Defendant an opportunity at treatment.

Accordingly, the court **GRANTS** Defendant's motion.  (Doc. No. 91).  Defendant shall be released no earlier than 9:00 AM on August 21, 2024, to a representative of Prairie Recovery for transport to Prairie Recovery.  Defendant's release shall be subject to the following conditions:

(1)     Defendant shall not violate federal, state, tribal, or local law while on release.

(2)     Defendant shall appear in court as required and surrender for any sentence imposed.

(3)     Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the

direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4)     Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5)     Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to the State of North Dakota.

(6)     Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(7)     Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses or co-defendants, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(8)     Defendant shall reside at Prairie Recovery, fully participate in its recommended outpatient treatment programming, and comply with all of its rules and regulations.

(9)     Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Prairie Recovery OR to communicate with Prairie Recovery staff about his progress in the program.

Any passes allowed by Prairie Recovery must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Prairie Recovery, he must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment programming,

Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review his release status.

(10)   Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer.  Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11)   Defendant shall not obtain a passport and other foreign travel document(s).

(12)   Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Service Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(13)   With 24 hours of his arrival at Prairie Recovery, Defendant shall contact Pretrial Services Officer Stephanie Cherney at (701) 530-2396

If Defendant cannot be transported to Prairie Recovery  as anticipated on August 21, 2024, he shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court